IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs March 10, 2026

**SHUN M. RAMEY v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Wilson County**
**No. 10-CR-789        Brody N. Kane, Judge**

_____

**No. M2025-01211-CCA-R3-PC**

_____

The Petitioner, Shun M. Ramey, acting pro se, appeals the Wilson County Criminal Court's order summarily dismissing his petition for post-conviction relief as untimely. After review, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER, P.J., and MATTHEW J. WILSON, J., joined.

Shun M. Ramey, Only, Tennessee, Pro Se.

Jonathan Skrmetti, Attorney General and Reporter; Ronald L. Coleman, Senior Assistant Attorney General; Joshua R. Gilbert, Assistant Attorney General (*pro hac vice*); Tom P. Thompson, Jr., District Attorney General; and Jason Lawson, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The facts underlying the Petitioner's conviction stem from a murder and robbery that occurred on November 3, 2010. The affidavit of complaint[1] states the following:

On November 03, 2010[,] [the Petitioner] went to the residence of Phillip Cortez Smith at 337 Hickory Drive, Old Hickory, in Wilson County, Tennessee, and was met at the back door by Smith. Smith let Ramey into the residence at that time. Smith's girlfriend, Mikal Blair Pierce, was at the residence at the time as well and was in another room of the residence. After a short time[,] Pierce heard a gun shot inside the residence at which time [the Petitioner] shot Smith in the hand. Pierce then went to the back bedroom of

_____

[1] The guilty plea hearing transcript was not included in the record.

the residence and shut the door. She then heard Smith and [the Petitioner] coming down the hallway towards the room she was in and she heard Smith telling [the Petitioner] that she wasn't back there and then she heard another gun shot[,] which is when Smith was shot in the head and killed by [the Petitioner]. Pierce then went into the bathroom of the bedroom she was in and shut the door. [The Petitioner] then came into the bathroom she was in and pointed a small black handgun at her and asked her where the money was. Pierce advised [the Petitioner] she didn't know and that it may be under the house. [The Petitioner] then forced Pierce to go outside the residence with him at gunpoint and open the door with Smith's keys that led underneath the residence. As [the Petitioner] was in the basement area of the residence[,] he made Pierce lie flat on the ground. [The Petitioner] took Pierce's cell phone away from her at that time as well. As [the Petitioner] went into the residence she jumped up and ran to a neighbor[']s residence who then notified the sheriff's department. Pierce did identify [the Petitioner] as the offender from a photo lineup. It was also found that Smith's keys to the residence and Pierce's phone was taken by [the Petitioner].

In January of 2011, a Wilson County Grand Jury indicted the Petitioner for first degree murder, attempted especially aggravated robbery, aggravated robbery, especially aggravated kidnapping, and two counts of unlawful possession of a weapon. The Petitioner entered a guilty plea for the lesser included offense of second-degree murder in exchange for a forty-year sentence at one hundred percent. As part of the plea agreement, the State agreed to nolle prosequi the remaining counts. The trial court accepted the plea and entered its judgment on July 13, 2012.

Thirteen years later, on July 22, 2025, the Petitioner filed a pro se petition for post-conviction relief. He alleged ineffective assistance of counsel, asserting that trial counsel "never investigated the case nor called any of [the Petitioner]'s witnesses." The Petitioner also claimed that he "should have had a psychiatric evaluation and/or an M.R.I. brain scan" before entering his plea because he suffered from "symptoms of mental disorders." He further asserted that such mental disorders left him in "no position to assist [trial counsel] in his defense nor under stand [sic] the nature of his guilty plea." The Petitioner did not acknowledge that the petition was untimely, nor did he present any argument as to why the statute of limitations should be tolled.

On July 23, 2025, the post-conviction court summarily dismissed the petition for post-conviction relief as time barred. The Petitioner filed a timely notice of appeal.

**ANALYSIS**

On appeal, the Petitioner's brief alleged only the following:

[1] A DEFENDANT MUST HAVE SUFFICIENT ABILITY TO CONSULT WITH HIS ATTORNEY UNITED STATES V DINKINS 367 F3D 537

[2] PLEADING ONE GUILTY WHO IS INCOMPETENT AFFECTS THE FAIRNESS AND INTEGRITY AND REPUTATION OF THE JUDICIAL PROCEEDING LA LONE 509 F3D 759

[3] THE FACT THE APPELLANT WAS CHARGED WITH A CRIME OF VIOLENCE APPELLANT COUNSEL SHOULD HAVE ORDERED A PSYCHIATRIC OR PSYCHOLOGIST EVALUATION PSYCHOLOGIST WHO IS AN EXPERT IN BEHAVIOR

[4] A PSYCHIATRIC WHO TREATS MENTAL EMOTIONS

[5] ITS NO WAY APPELLANT COULD ASSIST HIS COUNSELOR IN HIS DEFENSE WHEN APPELLANT HAS A MENTAL DISORDER IN ALL CRIMINAL CASES THE INTENT MUST APPLY TO BE FOUND GUILTY WITH OUT THE KNOWLEDGE THE INTENT CAN NOT BE FORMED. YET APPELLANT MAINTAIN HIS INNOCENT AND ASK THAT A HEARING BE HAD IN THIS MATTER.

The State responds, and we agree, that the Petitioner failed to acknowledge the untimeliness of his petition and failed to establish that he was entitled to due process tolling of the statute of limitation.

A petition for post-conviction relief must be filed "within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final." Tenn. Code Ann. § 40-30-102(a). "Time is of the essence of the right to file a petition for post-conviction relief . . . and the one-year limitations period is an element of the right to file the action and is a condition upon its exercise." Id. The timeliness of a petition for post-conviction relief is therefore jurisdictional, and if the petition is not timely, a court is without authority to grant or deny relief. In the event that a petitioner files a petition for post-conviction relief outside the one-year statute of limitations, the trial court is required to summarily dismiss the petition. See id. § 40-30-106(b).

Tennessee Code Annotated section 40-30-102(b) provides three exceptions to the statute of limitations for petitions for post-conviction relief:

No court shall have jurisdiction to consider a petition filed after the expiration of the limitations period unless: (1) The claim in the petition is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial, if retrospective application of that right is required. The petition must be filed within one (1) year of the ruling of the highest state appellate court or the United States Supreme Court establishing a constitutional right that was not recognized as existing at the time of trial; (2) The claim in the petition is based upon new scientific evidence establishing that the petitioner is actually innocent of the offense or offenses for which the petitioner was convicted; or (3) The claim asserted in the petition seeks relief from a sentence that was enhanced because of a previous conviction and the conviction in the case in which the claim is asserted was not a guilty plea with an agreed sentence, and the previous conviction has subsequently been held to be invalid, in which case the petition must be filed within one (1) year of the finality of the ruling holding the previous conviction to be invalid.

Id. § 40-30-102(b)(1)-(3).

In addition to the statutory exceptions, a court may consider an untimely petition for post-conviction relief if applying the statute of limitations would deny a petitioner due process. Burford v. State, 845 S.W.2d 204, 208 (Tenn. 1992). Whether due process requires tolling of the post-conviction statute of limitations is a mixed question of law and fact subject to de novo review. Whitehead v. State, 402 S.W.3d 615, 621 (Tenn. 2013) (citing Smith v. State, 357 S.W.3d 322, 355 (Tenn. 2011)). A post-conviction court's findings of fact, however, are conclusive on appeal unless the evidence preponderates against them. Id. The Tennessee Supreme Court has identified three circumstances in which due process requires tolling of the statute of limitations: (1) claims arising after the statute of limitations has expired; (2) claims based on mental incompetence that prevented the petitioner from complying with the statute of limitations; and (3) claims based on attorney misconduct. Id. at 623-24. However, equitable tolling "must be reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Id. at 631-32 (quoting Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)).

We agree with the post-conviction court's determination that the petition was untimely. Pursuant to Tennessee Code Annotated section 40-30-102(a), the Petitioner had one-year after the trial court's judgment became final to file a petition for post-conviction relief. Tenn. Code Ann. § 40-30-102(a). The Petitioner's petition was filed twelve years

after this deadline. The post-conviction court was therefore without jurisdiction to address the petition unless the Petitioner established that he was entitled to due process tolling.

As the State notes, the Petitioner does not address the untimeliness of his petition, nor does he allege any circumstances that would toll the statute of limitations. Although the Petitioner asserts that he suffers from "mental disorders," he raises this allegation only in the context of arguing that trial counsel was ineffective for failing to obtain a psychological evaluation before he entered his guilty plea. He does not contend that any alleged mental impairment prevented him from complying with the statute of limitations for filing his petition for post-conviction relief.

We conclude that the post-conviction court correctly determined that the Petitioner failed to timely file his petition for post-conviction relief. Because the Petitioner did not establish that he was entitled to due process tolling of the one-year statute of limitations, the post-conviction was required to summarily dismiss the petition as untimely. Tenn. Code Ann. § 40-30-106(b). The Petitioner is not entitled to relief.

## CONCLUSION

Upon review, we affirm the judgment of the post-conviction court.

s/ **_Camille R. McMullen_**

CAMILLE R. MCMULLEN, JUDGE

- 5 -